U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

AUG 27 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 04-50008-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| THOMAS A. BAIN | MAGISTRATE JUDGE PAYNE |

## O R D E R

Before this Court is a Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 [Doc. #53] and a Motion for Hearing to Take Judicial Notice filed by defendant, Thomas A. Bain. In support of his § 2255, defendant asserts that he unknowingly and involuntarily entered a guilty plea, that his Fourth, Fifth and Fourteenth Amendment rights were violated, and that he received ineffective assistance of counsel. The Government opposes Bain's motions.

Sworn statements in "open court during a plea hearing 'carry a strong presumption of verity.'" United States v. Martinez-Molina, 64 F.3d 719, 733 (5th Cir. 1995) (citing Blackledge v. Allison, 431 U.S. 63, 73 (1977)). At the time Bain entered into the guilty plea, he made statements under oath acknowledging his satisfaction with counsel's representation and that his plea was voluntary. This court finds Bain's sworn statements convincing, and that the guilty plea was entered into knowingly and voluntarily.

Upon pleading guilty, a defendant waives all non-jurisdictional defects in the proceedings. Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983).

Finally, Bain claims that the arresting officer did not have jurisdiction to make an arrest. However, the facts of the case do not comport with Bain's assertion. At the time of the alleged traffic violation leading to Bain's arrest, both Bain and the officer were within the officer's jurisdiction. The officer, in close pursuit of defendant, may have traveled beyond his jurisdictional lines. However, a crossing of jurisdictional lines in order to make a traffic stop is permitted under Louisiana law. State v. Bickham, 404 So.2d 929, 932 (La. 1981) (allowing officer's in close pursuit to cross jurisdictional lines to make a traffic stop, and further noting that even if outside of jurisdiction, such actions would not constitute suppression of otherwise legally obtained evidence).[1]

Accordingly, **IT IS ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. #53] be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 27th day of August, 2007.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[1] In regard to defendant's Motion for Hearing to Take Judicial Notice, this court takes notice of the jurisdictional boundaries at issue, but finds a formal hearing unnecessary.